IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JUAN MANUEL ROMAN | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | NO. 3-08-CV-0002-N |
| | § | |
| DAVID BERKEBILE, Warden, | § | |
| FCI-Seagoville | § | |
| | § | |
| Respondent. | § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

This is one of 93 habeas cases filed by prisoners at the Federal Correctional Institution in Seagoville, Texas, challenging regulations promulgated by the Bureau of Prisons ("BOP") that categorically limit the placement of statutorily eligible inmates in a halfway house or Community Corrections Center ("CCC") to those inmates who are serving the final 10% of their term of imprisonment, not to exceed six months. One regulation, 28 C.F.R. § 570.20, provides, in pertinent part:

> This subpart provides the Bureau of Prisons' (Bureau) categorical exercise of discretion for designating inmates to community confinement. The Bureau designates inmates to community confinement only as part of pre-release custody and programming which will afford the prisoner a reasonable opportunity to adjust to and prepare for re-entry into the community.

Another regulation, 28 C.F.R. § 570.21, addresses the timing of CCC designations:

> (a) The Bureau will designate inmates to community confinement only as part of pre-release custody and programming, during the last ten percent of the prison sentence being served, not to exceed six months.

> (b) We may exceed these time-frames only when specific Bureau programs allow greater periods of community confinement, as provided by separate statutory authority (for example, residential substance abuse treatment program . . ., or shock incarceration program . . .).

However, contrary to these regulations, 18 U.S.C. § 3621(b) requires the BOP to consider five specific factors in designating a place of imprisonment. Those factors are:

> (1) the resources of the facility contemplated;
>
> (2) the nature and circumstances of the offense;
>
> (3) the history and characteristics of the prisoner;
>
> (4) any statement by the court that imposed the sentence--
>
>> (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>>
>> (B) recommending a type of penal or correctional facility as appropriate; and
>
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b). With one exception, every judge in this district who has considered the issue has held that the BOP may not categorically limit its ability to consider the factors established by Congress for making placement and transfer determinations, including placement in a halfway house or CCC. *See Mihailovich v. Berkebile*, No. 3-06-CV-1603-N, 2007 WL 942091 (N.D. Tex. Mar. 28, 2007); *Briggs v. Van Buren*, No. 4-06-CV-800-Y, 2007 WL 3019238 (N.D. Tex. Oct. 16, 2007); *Grote v. Berkebile*, 3-07-CV-863-B, 2007 WL 4302933 (N.D. Tex. Dec. 5, 2007); *Bunch v. Berkebile*, No. 3-07-CV-0719-B, 2008 WL 323153 (N.D. Tex. Feb. 6, 2008); *Crawford v. Berkebile*, No. 3-07-CV-0791-B, 2008 WL 323155 (N.D. Tex. Feb. 6, 2008); *Archibald v. Berkebile*, No. 3-07-CV-1672-K, 2008 WL 540699 (N.D. Tex. Feb. 24, 2008); *Griffin v. Berkebile*, No. 3-07-CV-0730-

B, 2008 WL 623343 (N.D. Tex. Mar. 5, 2008); *Richardson v. Berkebile,* No. 3-07-CV-0732-B, 2008 WL 623348 (N.D. Tex. Mar. 5, 2008); *Monigold v. Berkebile,* No. 3-07-CV-0750-B, 2008 WL 623350 (N.D. Tex. Mar. 5, 2008); *Flores v. Berkebile,* No. 3-07-CV-0778-B, 2008 WL 623385 (N.D. Tex. Mar. 5, 2008); *Maldonado v. Berkebile,* No. 3-07-CV-0779-B, 2008 WL 623388 (N.D. Tex. Mar. 5, 2008); *Philippi v. Berkebile,* No. 3-07-CV-0786-B, 2008 WL 623390 (N.D. Tex. Mar. 5, 2008); *Miller v. Berkebile,* No. 3-07-CV-0712-B, 2008 WL 635552 (N.D. Tex. Mar. 10, 2008); *Cadotte v. Berkebile,* No. 3-07-CV-0799-B (N.D. Tex. Mar. 5, 2008); *but see Tischendorf v. Van Buren,* No. 4-07-CV-0273-A, 526 F.Supp.2d 606 (N.D. Tex. 2007), *appeal docketed,* No. 07-11262 (Dec. 11, 2007) (disagreeing with prior holdings in *Mihailovich* and *Briggs*). For the reasons stated in *Mihailovich* and its progeny, the court should invalidate 28 C.F.R. §§ 570.20 and 570.21 because the regulations preclude consideration of the five factors enumerated in 18 U.S.C. § 3621(b).

## RECOMMENDATION

Petitioner's application for writ of habeas corpus should be granted to the extent he seeks to invalidate 28 C.F.R. §§ 570.20 and 570.21. Respondent should be ordered to make a good faith determination of whether petitioner should be placed in an appropriate halfway house or CCC, considering the five factors set forth in 18 U.S.C. § 3621(b) and without regard to 28 C.F.R. §§ 570.20 and 570.21, not later than 30 days after this recommendation is adopted by the district judge.[1]

---

[1] Petitioner further argues that BOP Program Statements 7320.01 and 7310.04 are invalid for the same reasons as 28 C.F.R. §§ 570.20 and 570.21. Program Statement 7320.01 relates solely to home confinement, which is not a "place of imprisonment" and does not implicate 18 U.S.C. § 3621(b). *See Grote,* 2007 WL 4302933 at *7. Program Statement 7310.04, which concerns CCC placement, is not derivative of the discredited regulations and does not "improperly limit the discretion of the BOP to make a [CCC] placement in any individual case or otherwise 'circumvent' the BOP's other regulations." *Id.* at *8, *quoting Leon-Rivera v. Smith,* No. 1-07-CV-00823-OWW, 2007 WL 2900222 at *3 (E.D. Cal. Oct. 4, 2007), *rec. adopted,* 2007 WL 3293356 (E.D. Cal. Nov. 6, 2007). The court therefore should decline to invalidate the program statements or any *de facto* policy arising therefrom.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 24, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE