IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JUAN MANUEL ROMAN, §
 §
Petitioner, §
 §
VS. § NO. 3-08-CV-0002-N
 §
DAVID BERKEBILE, Warden, §
FCI-Seagoville §
 §
Respondent. §

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Juan Manuel Roman, a federal prisoner, has filed a motion for an order requiring David Berkebile, Warden of FCI-Seagoville, to show cause why petitioner should not be immediately transferred to an appropriate halfway house to serve the remainder of his sentence. For the reasons stated herein, the application should be denied.

I.

In September 2005, petitioner was sentenced to 70 months in prison following his conviction on federal drug charges. His projected release date is April 20, 2009.[1] On January 2, 2008, petitioner filed an application for writ of habeas corpus in federal district court challenging regulations promulgated by the Bureau of Prisons ("BOP") that categorically limit the placement of statutorily eligible inmates in a halfway house or Residential Reentry Center ("RRC") to those inmates who are serving the final 10% of their term of imprisonment, not to exceed six months. According to petitioner, the BOP regulations are contrary to a statute enacted by Congress, 18 U.S.C.

---

[1] This projected release date assumes that petitioner receives all available good conduct time credits.

§ 3621(b), which requires prison officials to consider the following factors in designating a place of imprisonment:

> (1) the resources of the facility contemplated;
>
> (2) the nature and circumstances of the offense;
>
> (3) the history and characteristics of the prisoner;
>
> (4) any statement by the court that imposed the sentence--
>
> > (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
> >
> > (B) recommending a type of penal or correctional facility as appropriate; and
>
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

The court agreed with petitioner, granted habeas relief, and ordered respondent "to make a good faith determination of whether petitioner should be placed in an appropriate halfway house or RRC, considering the five factors set forth in 18 U.S.C. § 3621(b) and without regard to [the BOP regulations]." *Roman v. Berkebile*, No. 3-08-CV-0002-N (N.D. Tex. May 20, 2008).

As ordered by the court, a BOP Unit Team evaluated petitioner for RRC placement and recommended that he receive eight months in a halfway house to complete a Commercial Diver Program. However, David Berkebile, the prison warden, rejected the Unit Team recommendation without comment or explanation. That determination prompted petitioner to ask the court for an order requiring the warden to immediately transfer him to an appropriate halfway house facility. On July 23, 2008, the court ordered warden to file a written response explaining his reasons for rejecting the BOP Unit Team recommendation. The warden has filed his response, petitioner has filed a reply, and the motion is ripe for determination.

## II.

The BOP Unit Team recommended that petitioner receive eight months in a halfway house, instead of a six-month RRC placement previously authorized by the warden, to complete a Commercial Diver Program. In a declaration attached to his response, the warden explains why he rejected that recommendation. According to the warden:

> On June 6, 2008, I determined the petitioner's previously determined six-month RRC placement was appropriate and disapproved the Unit Manager's recommendation for additional RRC time. I made this determination in compliance with the court's May 20, 2008, order that I make a good faith determination of the petitioner's RRC placement, considering the five factors set forth in 18 U.S.C. § 3621(b) and without regard to 28 C.F.R. §§ 570.20 and 570.21.
>
> I considered the resources of the contemplated facility for the petitioner's RRC placement and determined the facility's resources had no bearing on whether the petitioner should be allowed six or eight months at the RRC.
>
> I considered the nature and circumstances of the petitioner's offense, Conspiracy to Possess with Intent to Distribute a Quantity Exceeding 5 Kg [or] More of Cocaine.
>
> I considered the petitioner's history and characteristics. I reviewed the petitioner's Presentence Investigation Report and noted that the petitioner had no background in the commercial diving industry. The petitioner did not present any evidence, nor did he claim, that he had yet applied or yet been accepted to the commercial diving program. Additionally, I noted the petitioner did not provide any evidence he would meet the diving program's admission requirements or a plan to pay for the training program.
>
> I considered the statements of the petitioner's sentencing court in the petitioner's criminal case and determined the court's statements had no bearing on whether the petitioner should be allowed six or eight months at the RRC.
>
> I was not aware of a policy statement issued by the U.S. Sentencing Commission which was pertinent to petitioner's RRC placement, and thus did not consider any such statement(s).

> It is my professional opinion that six months will allow the petitioner ample time to facilitate his re-entry into society at an RRC. From the information provided by the petitioner, it does not appear his six month placement will preclude him from participating in the commercial diving program.

(Resp. Ans., Exh. 1 at 1-3, ¶¶ 5-11).

It is clear that the warden gave due consideration to the five factors set forth in 18 U.S.C. § 3621(b) and without regard to the BOP regulations invalidated by the court. Even if the reasons articulated by the warden for rejecting the Unit Team recommendation are less than convincing, the court will not second-guess his ultimate decision. By invalidating the BOP's categorical exercise of its discretion, this court did not hold that petitioner was necessarily entitled to any particular amount of time in a RRC. Rather, the BOP was required only to give petitioner an individualized, good faith determination with regard to such placement. The warden has shown that he afforded petitioner such consideration. That petitioner disagrees with the warden's decision does not make it unlawful. *See Taylor v. Stine*, No. 6-07-189-DCR, 2007 WL 1741781 at *4 (E.D. Ky. Jun. 12, 2007) (decisions limiting the amount of time an inmate may spend in a RRC facility are "generally best left to the discretion of BOP administrators").[2]

## **RECOMMENDATION**

Petitioner's motion for a show cause order [Doc. #13] should be denied.

---

[2] To the extent petitioner argues that the Second Chance Act of 2007, Pub.L. 110-199 (Apr. 9, 2008), creates a presumptive 12-month halfway house placement, he misreads the statute. Instead, the statute provides that:

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (*not to exceed twelve months*), under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community.

18 U.S.C. § 3624(c)(1) (emphasis added). It is clear from the statute that prisoners may receive a *maximum* of 12 months in a halfway house or RRC facility. There is no presumptive minimum as petitioner suggests.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 28, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE